IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JULIA GUTIERREZ,

     Plaintiff,

v.                                                                                  No. 1:25-cv-01203-MIS-LF

DESIGN SOLUTIONS DIRECT
LLC; DEBRA A. SAMBRANO;
ALFRED SAMBRANO; MALCOM
MCCALL; MORGAN, COHEN &
BACH LLC; and BRIAN LAWSON,

     Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the motion of defendants Design Solutions Direct LLC, Malcom McCall, Morgan, Cohen & Bach LLC, Alfred Sambrano, and Debra A Sambrano ("Defendants")[1] to dismiss plaintiff Julia Gutierrez's complaint (Doc. 11).  Also before the Court are Ms. Gutierrez's motion for leave to file an amended complaint (Doc. 23), motions to quash Defendants' motion to dismiss (Docs. 14, 24), and request for ruling on pending motions (Doc. 35).  On February 12, 2026, United States District Judge Margaret Strickland referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case."  Doc. 27.  For the following reasons, the Court GRANTS Ms. Gutierrez's motion to amend her complaint and

---

[1] Another defendant, Brian Lawson, has been named in this matter and has yet to appear. Defendants state in their motion that Mr. Lawson "has never been personally served in this matter," but that "the arguments raised by Defendants' motion equally apply to the claims brought against [him]."  Doc. 11 at 1 n.1.

DENIES AS MOOT Defendants' motion to dismiss, Ms. Gutierrez's motions to quash the motion

to dismiss, and Ms. Gutierrez's request for ruling on pending motions.[2]

## BACKGROUND

On December 3, 2025, Ms. Gutierrez commenced this action in this Court, bringing

claims against Defendants pursuant to 18 U.S.C. § 1962 and 42 U.S.C. §§ 1981, 1985, 1986, as

well as claims of unlawful debt collection and unauthorized practice of law.  Doc. 1 ¶¶ 23–60.

On January 28, 2026, Defendants responded with a motion to dismiss Ms. Gutierrez's complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief

can be granted.  Doc. 11; *see also* Doc. 12 (Defendants' memorandum in support of the motion).

---

[2] The Court considers these motions nondispositive and issues this order pursuant to FED. R. CIV. P. 72(a) and 28 U.S.C. § 636(b)(1)(A).  The Tenth Circuit declined to decide in a published opinion whether a motion to amend a complaint is dispositive, but its unpublished decisions have generally treated such motions as nondispositive and within the authority of a magistrate judge to decide.  *Langworthy v. Alcon*, No. 1:24-cv-01291-MLG-KRS, 2025 WL 2409961, at *1 n.1 (D.N.M. Aug. 20, 2021) (collecting cases); *see also Ellis v. Franco*, No. 1:15-cv-00848-JCH-KBM, 2017 WL 3605361, at *1–*2 (D.N.M. Mar. 8, 2017) (noting that "the Tenth Circuit has generally treated motions to amend as non-dispositive in its unpublished opinions" and that "other Circuits have explicitly held that motions to amend are not dispositive").

Similarly, the Court finds that it has authority to deny the remaining motions as moot. "[M]agistrate judges are authorized to issue routine housekeeping orders, and denying a motion to dismiss as moot upon granting leave to amend a complaint is one such quintessential housekeeping matter" that "is not a ruling on the merits of the motion." *Murphy Creek Ests., LLC v. Murphy Creek Ests. Funding, LLC*, No. 1:22-cv-00304-DDD-NRN, 2022 WL 18674573, at *3 (D. Colo. Nov. 23, 2022) (internal quotations omitted); *see also Bastidas v. Chappell*, 791 F.3d 1155, 1165 n.8 (9th Cir. 2015) (concluding that a magistrate judge was authorized to deny as moot a motion for leave to file a motion to dismiss); *Florence v. Stanback*, 607 F. Supp. 2d 1119, 1120–21 (C.D. Cal. 2009) (concluding that a magistrate judge did not exceed his authority in denying a motion to dismiss without prejudice).

If there is any doubt about the nondispositive nature of the motions decided in this order, the order may be construed as my proposed findings and recommended disposition pursuant to the district judge's order of referral (Doc. 27).  *See Langworthy*, 2025 WL 2409961, at *1 n.2; *Florence*, 607 F. Supp. at 1122 (explaining that if a magistrate judge enters an order on a dispositive matter, the district judge "has the authority to ignore the form of the decision and treat it as a Report and Recommendation").  In either case, the parties have fourteen (14) days from entry of this order to file objections with the district judge. *See* FED. R. CIV. P. 72(a), (b)(2); 28 U.S.C. § 636(b)(1).

On January 29, 2026, Ms. Gutierrez filed a motion to quash Defendants' motion to dismiss. Doc. 14. On February 2, 2026, Ms. Gutierrez filed a motion for leave to file her first amended complaint, Doc. 23, as well as a "Supplemental Motion and Memorandum to Quash Defendants' Motion to Dismiss," Doc. 24 at 1. Defendants responded to Ms. Gutierrez's motions on February 12, 2026. Doc. 25. Ms. Gutierrez filed a Reply on February 26, 2026. Doc. 28.

In her motion to amend, Ms. Gutierrez requests that the Court grant her leave to amend her complaint so that she may incorporate newly discovered facts. Doc. 23 ¶¶ 1–2. In her supplemental motion to quash Defendants' motion to dismiss, Ms. Gutierrez argues that the motion to dismiss should be denied given her pending motion to amend her complaint and because a Rule 12(b)(6) motion is not a proper response to her complaint. Doc. 24 at 2–4. In their response, Defendants state that they do not oppose Plaintiff's motion to amend her complaint, and that such amendment may be made without leave of court at this stage of the proceedings. Doc. 25 at 2–3. Defendants further state that Plaintiff's amended complaint would moot their pending motion to dismiss although they intend to file a motion to dismiss the amended complaint after it is filed. *Id.*

On March 31, 2026, Ms. Gutierrez filed a "Request for Ruling on Pending Motions." Doc. 35. In that motion, Ms. Gutierrez explains that her motions to file an amended complaint and to quash Defendants' motion to dismiss "have now been pending for approximately two months without a ruling from the Court." *Id.* at 2. Ms. Gutierrez states that these "pending motions are foundational to this action" and that "[t]he delay in ruling on these core issues prevents Plaintiff from engaging in meaningful case participation and constitutes undue prejudice." *Id.* at 3.

3

## ANALYSIS

I.     **The Court grants Plaintiff's motion for leave to file an amended complaint.**

Federal Rule of Civil Procedure 15 governs when pleadings may be amended, and the requirements for making amendments depend on the stage of the litigation.  For example, a plaintiff may amend a complaint "once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  FED. R. CIV. P. 15(a)(1).  Once that timeframe has passed, "a party may amend its pleading" before trial "only with the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(a)(2).

Defendants filed their Rule 12(b)(6) motion to dismiss on January 28, 2026, *see* Doc. 11, and Ms. Guiterrez moved for leave to file an amended complaint five days later on February 2, 2026, *see* Doc. 23.  Ms. Gutierrez thus was entitled to file an amended complaint without leave of Court at that time.  *See* FED. R. CIV. P. 15(a)(1).  The Court therefore grants the motion to amend and will permit Ms. Gutierrez to file her amended complaint, attached as Exhibit A to her motion, on the docket within fourteen days of the Court's order.[3]

II.    **The Court denies Defendants' motions to dismiss and Plaintiff's motions to quash Defendants' motion to dismiss as moot.**

On January 28, 2026, Defendants filed a motion to dismiss Ms. Gutierrez's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Doc. 11; *see also* Doc. 12 (Defendants' memorandum in support of the motion).

---

[3] While Ms. Gutierrez was not required to seek leave of Court at the time she filed her motion, she should be mindful of the requirements of Rule 15(a)(2) should she seek to amend her pleadings in the future.  *See* FED. R. CIV. P. 15(a) (providing that amendments as a matter of course may be made "once" before trial, and that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave").

Ms. Gutierrez responded with two motions to quash Defendants' motion to dismiss, arguing that the motion should be denied so that she may amend her complaint, and also because Defendants are engaging in dilatory tactics by filing a motion to dismiss instead of an answer to her complaint. Doc. 14 at 2–3; Doc. 24 at 2–3. Defendants concede that their motion to dismiss would be moot should Ms. Gutierrez file an amended complaint. Doc. 25 at 3.

Because the Court is granting Ms. Gutierrez's motion to amend her complaint, it denies Defendants' motion to dismiss and Ms. Gutierrez's motions to quash as moot. "An amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) (citing *Miller v. Glanz*, 948 F.3d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)). Once Ms. Gutierrez files her amended complaint, it will supersede her original complaint and will moot Defendants' motion to dismiss that original complaint. And because Defendants' motion to dismiss will be moot, so will Ms. Gutierrez's motions to quash the motion to dismiss.

In her motions to quash, Ms. Gutierrez also argues that a Rule 12(b)(6) motion does not constitute a timely response to her complaint, and she asks the Court to order Defendants to file an answer to her complaint instead. Doc. 14 at 2–3; Doc. 24 at 3–4, 9; Doc. 28 at 3–4. However, a defendant is permitted to file a motion to dismiss pursuant to Rule 12(b) before filing an answer. FED. R. CIV. P. 12(b) ("A motion asserting any of these defenses *must be made before pleading* if a responsive pleading is allowed.") (emphasis added)). If the Court denies the motion, then "the responsive pleading must be served within 14 days." FED. R. CIV. P. 12(a)(4)(A). Here, the Court is denying Defendants' motion to dismiss as moot and without prejudice; Defendants are not yet required to serve an answer.

5

### III.     The Court denies Ms. Gutierrez's request for ruling on pending motions as moot.

On March 31, 2026, Ms. Gutierrez moved the Court to either promptly rule on her pending motion to quash and motion to file an amended complaint or "provide the parties with an expected timeline for a ruling on these motions." Doc. 35 at 3. Ms. Gutierrez states that the "motions have now been pending for approximately two months without a ruling from the Court," and that this "delay in ruling on these core issues prevents Plaintiff from engaging in meaningful case participation and constitutes undue prejudice."[4] *Id.* at 2–3. Because the Court is ruling on those motions, this request is necessarily denied as moot.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Ms. Gutierrez's Motion for Leave to File an Amended Complaint (Doc. 23) and DENIES AS MOOT Defendants' Motion to Dismiss (Doc. 11), Ms. Gutierrez's Motions to Quash Defendants' Motion to Dismiss (Docs. 14, 24), and Ms. Gutierrez's Request for Ruling on Pending Motions (Doc. 35). Ms. Gutierrez shall file her amended complaint no later than fourteen (14) days from the date of this order.

---

[4] While Ms. Gutierrez did file her motions almost two months ago on February 2, 2026, briefing was not complete until she filed her reply brief on February 26, 2026. *See* D.N.M.LR-Civ. 7.1(b) (providing that briefing for a motion is complete upon either the movant filing a reply brief or upon expiration of movant's time to file a reply brief). It is understandable that Ms. Gutierrez wishes her case to move more quickly—many litigants do. But the Court's obligation is to provide timely, accurate, and legally sound rulings for *all litigants* throughout the district of New Mexico, and there are many cases pending before the Court.

**THE PARTIES ARE NOTIFIED** that pursuant to Local Rule 73.1(a), a magistrate judge is assigned to this case "to preside over all non-dispositive pre-trial matters in accordance with FED. R. CIV. P. 72(a)." D.N.M.LR-Civ. 73.1(a). "A party may serve and file objections to [a magistrate judge's order on a non-dispositive pre-trial matter] within 14 days after being served with a copy." FED. R. CIV. P. 72(a). The party's objections must be both timely and specific to preserve an issue for review by the district court or appellate court. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). If objections are timely filed, the district judge must consider the objections but will only set aside those parts of the magistrate judge's order which are "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). If objections are not timely filed, the firm waiver rule applies. *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781–83 (10th Cir. 2021) ("[T]he firm waiver rule applies when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a)."). "Under the firm waiver rule, a party who fails to make a timely objection to the magistrate judge's ruling waives appellate review of both factual and legal questions." *Id*. at 781 n.23 (citation modified); *see also* FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

Laura Fashing
United States Magistrate Judge

7