IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JULIA GUTIERREZ,

Plaintiff,

v. Case No. 1:25-cv-01203-MIS-LF

DESIGN SOLUTIONS DIRECT LLC et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Immediate Ruling on Pending Motion for Electronic Filing (Doc. 38) and Plaintiff's Motion to Seal Exhibits A-1, A-2, and A-3 to the First Amended Complaint (Doc. 46). For the following reasons, the Court denies both motions. The Court further advises Plaintiff that further failures to comply with the Court's order granting her electronic filing privileges will result in the Court revoking those privileges without further notice.

## I. The Court denies Plaintiff's Motion for Immediate Ruling on Pending Motion for Electronic Filing (Doc. 38).

On February 2, 2026, Plaintiff filed a motion requesting permission to file documents electronically via the Court's Case Management/Electronic Case Files (CM/ECF) system. Doc. 22. The Court granted the motion on April 1, 2026. Doc. 36. Plaintiff also filed a motion for leave to file her first amended complaint on February 2, 2026. Doc. 23. The Court granted that motion on April 2, 2026, and permitted "Ms. Gutierrez to file her amended complaint, attached as Exhibit A to her motion, on the docket within fourteen days of the Court's order." Doc. 37 at 4. Fourteen days came and went with no filings from Plaintiff. Instead, on April 17, 2026,

Plaintiff filed a motion requesting an immediate ruling on her motion for permission to file documents electronically. Doc. 38. Plaintiff's motion also requests an extension of her deadline to file her amended complaint to April 17, 2026. *Id.* at 8. Plaintiff asks the Court to accept her amended complaint as timely if filed by that date. *Id.* Despite this request, Plaintiff did not file her amended complaint within that time frame. Instead, on April 19, 2026, Plaintiff filed a motion for leave to file an amended complaint with a new proposed amended complaint attached. *See* Doc. 39.

In her motion, Plaintiff states that "this Court's failure to rule on [her] previously filed Motion for Electronic Filing . . . has delayed Plaintiff's ability to participate fully in CM/ECF," and that she "remains unable to file electronically." Doc. 38 at 3. But as stated above, the Court granted Plaintiff permission to file documents electronically in CM/ECF sixteen days earlier on April 1, 2026. Doc. 37. Plaintiff appears to have been aware that she had permission to file documents electronically given that she filed the motion electronically. *See* Doc. 38. Plaintiff's request for an immediate ruling on her motion to file documents electronically is therefore denied as moot.

Plaintiff's request for an extension of time to file an amended complaint also is denied. Plaintiff argues that the Court's failure to rule on her motion for electronic filing permission justifies the extension. Doc. 38 at 6. As explained above, the Court already had granted Plaintiff permission to file documents electronically, and Plaintiff indeed had begun filing documents electronically. Further, Plaintiff asked the Court to accept her amended complaint as timely filed if filed by the proposed extended deadline of April 17, 2026. *Id.* at 8. But Plaintiff never filed her amended complaint by that deadline, and there is nothing for the Court to accept. Plaintiff instead filed a new motion seeking leave to file an amended complaint different from the one that

the Court granted her leave to file. *See* Doc. 39. Plaintiff eventually did file an amended complaint weeks later on May 15, 2026, but this amended complaint differs significantly from the proposed amended complaint that was attached to her first motion to amend. *Compare* Doc. 23 at 6–41 *with* Doc. 43 at 1–72. The Court's order granting Ms. Gutierrez leave to amend clearly stated that Ms. Gutierrez was permitted "to file her amended complaint, *attached as Exhibit A to her motion*, on the docket within fourteen days of the Court's order." Doc. 37 at 4 (emphasis added). Plaintiff's request for an extension of time to file her amended complaint therefore is denied.

## II. Plaintiff's *ex parte* motion to seal (Doc. 46) is denied as moot.

On May 19, 2026, Plaintiff filed a motion to seal certain exhibits she had attached to an amended complaint filed on May 15, 2026. *See* Doc. 46; Ex. A. Plaintiff inexplicably filed the motion with an *ex parte* restriction in CM/ECF, which only allows Plaintiff and the Court—but none of the defendants—to view the motion. Despite Plaintiff's statement that her filing in CM/ECF "will send notification of such filing" to Defendants, *id.* at 8, the electronic filing receipt for the motion reflects that Defendants received no notice of the motion. Indeed, defendant Design Solutions Direct, LLC ("DSD") later filed its own motion to seal the exhibits because it was unaware that Plaintiff already had filed a motion to seal. Doc. 50 at 1.

*Ex parte* motions are disfavored in our adversary system, though they may be appropriate under certain circumstances. *Ayestas v. Davis*, 584 U.S. 28, 40–41 (2018). When a motion is filed *ex parte*, the opposing party does not receive notice of the motion and has no opportunity to respond. Ms. Gutierrez has provided no explanation for why the motion was filed *ex parte*. On the contrary, it appears that Ms. Gutierrez intended Defendants to receive notice of the motion, as indicated in the Certificate of Service attached to the motion. *See* Doc. 46 at 8.

Having not received notice of Plaintiff's motion, DSD filed its own motion to seal the same exhibits. *See* Doc. 50. The Court granted that motion on May 28, 2026. Doc. 51. Because the Court already has granted the relief that Plaintiff seeks in her *ex parte* motion, the Court denies the motion as moot. *See Hood v. Com. Enters.*, No. 1:23-cv-01024-JB-JFR, 2024 WL 5119233, at *1 (D.N.M. Mar. 21, 2024) (finding an issue moot where the party has already obtained the relief sought). The Court further directs the Clerk of Court to remove the *ex parte* restriction from Document 46.

**III. The Court will revoke Plaintiff's electronic filing privileges without further notice if Plaintiff continues to abuse her electronic filing privileges.**

The order granting Plaintiff permission to file documents in this case electronically via the Case Management/Electronic Case Files (CM/ECF) system stated that "[t]he Court will revoke permission to file electronically if Plaintiff abuses her electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual." Doc. 36 at 1. The CM/ECF Administrative Procedures Manual provides that it is a filer's "duty to select the appropriate access restriction level for the document being filed" and that the filer "must also ensure that permission of the Court to restrict access to the filing has been granted," U.S. Dist. Ct., Dist. of N.M., CM/ECF Administrative Procedures Manual 17 (2024), https://www.nmd.uscourts.gov/sites/nmd/files/Admin%20Procedures%20Manual%20%20Revised%2006-10-24.pdf

As explained above, *ex parte* motions are disfavored, and Plaintiff provided no explanation for why she filed her motion to seal *ex parte*. By filing the motion to seal with an *ex parte* restriction, Defendants neither received notice of, nor had an opportunity to respond to, her motion, resulting in delay and the filing of an additional motion. *See* Doc. 50. While pro se

litigants are due a certain amount of leniency, they still must comply with the fundamental requirements of the rules of procedure and this Court's orders. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). Plaintiff is advised that if she continues to fail to comply with the requirements of the April 1, 2026, order granting her electronic filing privileges, *see* Doc. 36, the Court will revoke those privileges without further notice.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Immediate Ruling on Pending Motion for Electronic Filing (Doc. 38) and Motion to Seal Exhibits A-1, A-2, and A-3 to the First Amended Complaint (Doc. 46). The Clerk of Court is directed to remove the *ex parte* restriction from Plaintiff's Motion to Seal (Doc. 46).

IT IS SO ORDERED.

**THE PARTIES ARE NOTIFIED that pursuant to Local Rule 73.1(a), a magistrate judge is assigned to this case "to preside over all non-dispositive pre-trial matters in accordance with FED. R. CIV. P. 72(a)." D.N.M.LR-Civ. 73.1(a). "A party may serve and file objections to [a magistrate judge's order on a non-dispositive pre-trial matter] within 14 days after being served with a copy." FED. R. CIV. P. 72(a). The party's objections must be both timely and specific to preserve an issue for review by the district court or appellate court. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). If objections are timely filed, the district judge must consider the objections, but will only set aside those parts of the magistrate judge's order which are "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). If objections are not timely filed, the firm waiver rule applies. *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781–83 (10th Cir. 2021) ("the firm waiver rule applies when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a)"). "Under the firm waiver rule, a party who fails to make a timely objection to the magistrate judge's ruling waives appellate review of both the factual and legal questions." *Id.* at 781 n.23 (citations and alteration omitted); *see also* FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").**

Laura Fashing
United States Magistrate Judge