IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JULIA GUTIERREZ,

Plaintiff,

v. Case No. 1:25-cv-01203-MIS-LF

DESIGN SOLUTIONS DIRECT LLC et al.,

Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Defendants' Motion to Strike (Doc. 45), filed May 19, 2026, and on pro se plaintiff Julia Gutierrez's Motion for Leave to File First Amended Complaint (Doc. 39), filed April 19, 2026. United States District Judge Margaret Strickland referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 27 at 1. Having reviewed the briefings, the relevant law, and otherwise being fully advised, I recommend that the Court grant both motions.

**BACKGROUND**

Plaintiff filed a complaint in this case on December 3, 2025, alleging violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act; 42 U.S.C. §§ 1981, 1985, and 1986; in addition to claims of unlawful debt collection and the unauthorized practice of law. Doc. 1 at 8–18. Defendants moved on January 28, 2026, to dismiss the complaint for failure to state a claim, Doc. 11, and Plaintiff moved for leave to file an amended complaint on February 2, 2026, Doc. 23. The Court granted Plaintiff's motion on April 2, 2026, noting that Federal Rule of Civil Procedure 15(a)(1) entitled Plaintiff, at the time she filed her motion, to file an amended

complaint without the Court's leave. Doc. 37 at 4. The Court provided Plaintiff fourteen days to file the proposed amended complaint that Plaintiff attached as an exhibit to her motion. *Id.* The Court noted that Plaintiff would need to comply with the requirements of Rule 15(a)(2) should she seek to amend her complaint further. *Id.* at 4 n.3.

Plaintiff's amended complaint was due no later than April 16, 2026, but Plaintiff did not file her amended complaint by that date. Instead, Plaintiff moved to extend her deadline to April 17, but did not file her amended complaint by that date. *See* Doc. 38 at 8. To date, Plaintiff has not filed the proposed amended complaint she was granted leave to file. Rather, on April 19, 2026, Plaintiff filed a new motion for leave to file an amended complaint that differs substantially from the proposed amended complaint the Court granted her leave to file. *See* Doc. 39. While this motion still was pending, Plaintiff filed a new amended complaint on the docket on May 15, 2026, without first receiving leave of Court or Defendants' consent. *Compare* Doc. 23 at 6–41 *with* Doc. 43 at 1–72. On May 20, 2026, again without leave of Court, Plaintiff filed new exhibits to be attached to her unauthorized amended complaint. *See* Doc. 49. Defendants now move to strike this amended complaint. Doc. 45. Defendants also oppose Plaintiff's prior motion for leave to file an amended complaint. Doc. 41 at 5–7.

## I. The Court should grant Defendants' motion to strike (Doc. 45) Plaintiff's unauthorized amended complaint (Doc. 43).

On May 19, 2026, Defendants filed a motion to strike the amended complaint that Ms. Gutierrez filed on May 15, emphasizing that Ms. Gutierrez failed to comply with the federal rules and this Court's order. Doc. 45. In addition to striking the amended complaint, Defendants ask the Court to sanction Plaintiff in the amount of $1,200 in attorney's fees for time addressing Plaintiff's unauthorized filing. *Id.* at 4 & n.4; Doc. 48 at 3 & n.3. Ms. Gutierrez responded that

the motion should not be granted because Defendants did not meet Federal Rule of Civil Procedure 12(f)'s requirements for a motion to strike a pleading. Doc. 47 at 2–4.

The Court may strike amended pleadings that are not filed in compliance with Federal Rule of Procedure 15. *See Hamblin v. Santa Fe Cnty.*, No. 1:17-cv-00660-PJK-KBM, 2018 WL 1617876, at *1 (D.N.M. Mar. 30, 2018) (granting motion to strike amended complaint because plaintiff did not seek leave to amend or obtain consent). Plaintiff relies on Federal Rule of Civil Procedure 12(f), but Rule 12(f) governs the striking of *operative* pleadings. Plaintiff was granted leave to file the proposed amended complaint that she attached as an exhibit to her first motion seeking leave to amend, Doc. 37 at 4, and had she done so, that amended complaint would be the operative pleading in this matter. But Plaintiff never filed that proposed amended complaint; instead, she filed an amended pleading that differs significantly from the one she was granted leave to file. *Compare* Doc. 23 at 6–41 *with* Doc. 43 at 1–72. Plaintiff was specifically advised that she would need to comply with the requirements of Rule 15 should she seek to amend her pleadings further. Doc. 37 at 4 n.4. Yet Plaintiff filed a new amended complaint without seeking the Court's leave or receiving Defendants' consent. I therefore recommend that the Court grant Defendants' Motion to Strike (Doc. 45) and strike from the docket Plaintiff's First Amended Complaint (Doc. 43), filed May 15, 2026, and Amended Exhibits to Document 43 (Doc. 49), filed May 19, 2026.

I recommend, however, that the Court decline Defendants' invitation to sanction Plaintiff at this time. I am "not unsympathetic to the hurdles faced by a pro se litigant pursuing a claim in federal court." *Taylor v. United States*, No. 1:04-cv-00473-MCA-RLP, 2006 WL 8444070, at *4 (D.N.M. June 30, 2006) (outlining steps the court took to ensure a pro se litigant's interested have been protected). Pro se litigants are accordingly entitled to a measure of leniency that is not

extended to parties represented by counsel. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); *Trujillo v. Bittenger*, No. 1:20-cv-00826-KWR-DLM, 2023 WL 5748778, at *2 (D.N.M. Sept. 6, 2023) (noting that "[t]he latitude granted to pro se litigants extends beyond their pleadings"). But Plaintiff should be cautioned that this leniency has limits. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (pro se litigants "must comply with the same procedural rules that govern all other litigants").

Even setting aside the leniency owed to pro se litigants, defense counsel's request for fees is deficient in material ways. "Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty.*, 157 F.3d 1243, 1250 (10th Cir. 1998). Fee applicants additionally "must provide the district court with sufficient information to evaluate prevailing market rates" and "demonstrate that the rates are similar to rates for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community and for similar work." *Pruess v. Presbyterian Health Plan, Inc.*, No. 1:19-cv-00629-DHU-JFR, 2022 WL 796370, at *2 (D.N.M. Mar. 16, 2022) (quotation omitted). Defendants provide no information for the Court to evaluate whether defense counsel's $500 per hour rate is similar to prevailing market rates for the kind of work she performed. *See* Doc. 45 at 4 & n.4; Doc. 48 at 3 & n.3.

## II. The Court should grant Plaintiff's Motion for Leave to File Amended Complaint (Doc. 39).

Before Plaintiff filed the amended complaint that I recommend the Court strike, Plaintiff filed a Motion for Leave to File First Amended Complaint on April 19, 2026. *See* Doc. 39. Plaintiff seeks "to incorporate newly discovered facts that further substantiate and expand upon

the existing claims," Doc. 39-1 at 2, and the proposed amended complaint attached to the motion removes some claims while also adding new claims and defendants, Doc. 39-2 at 3–6, 34–48. Defendants oppose the motion, arguing that the amendment is futile, that Plaintiff failed to cure deficiencies apparent in her original complaint, and that none of the facts alleged in the present proposed amended complaint were unknown to Plaintiff at the time she filed her original complaint. Doc. 41 at 5–7. Defendants then argue that if Plaintiff's motion is denied, Plaintiff should not be granted further leave to amend. *Id.* at 7–8.

Federal Rule of Procedure 15 governs when pleadings may be amended. Once 21 days have passed after service of a responsive pleading or Rule 12(b), (e), or (f), a party may amend his or her pleading before trial "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires," FED. R. CIV. P. 15(a)(2), because "[t]he liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits," *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). "A district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (citation modified) (quotation omitted).

Defendants argue that leave to amend should be denied because Plaintiff's proposed amended complaint fails to cure deficiencies apparent in her original complaint and the first proposed amended complaint that she was granted leave to file. Doc. 41 at 6. But Plaintiff cannot be faulted for failing to address deficiencies the Court itself has not identified. *See, e.g.*, *Reed v. Bryant*, 719 F. App'x 771, 781 (10th Cir. 2017) (holding that leave to amend should have

been granted where plaintiff cured deficiencies identified by the magistrate judge in a report and recommendation); *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 524 (10th Cir. 2013) (affirming denial of leave to amend for failure to cure deficiencies after original complaint was dismissed by district court for failure to state a claim). As Defendants note, "the Court never considered whether the first amended complaint for which leave was granted was futile" because Plaintiff had the ability to file that amended complaint as a matter of right. *Id.* at 6 n.5. Likewise, the Court never considered the merits of Plaintiff's original complaint because Defendant's motion to dismiss was denied as moot. *See* Doc. 37 at 4–5. Plaintiff should not be denied leave to amend for failure to correct deficiencies that the Court has not identified.

Defendants also argue that leave to amend should be denied because none of the facts alleged in the proposed amended complaint "are, on their face, new facts not known to Plaintiff at the time of filing her original complaint and/or her earlier first amended complaint." Doc. 41 at 6. But Defendants do not elaborate on this point, identify what facts were known to plaintiff at the time she filed her original complaint, or explain how plaintiff knew those facts at the time she filed her complaint. *See id.*

Defendants primarily argue that leave to amend should be denied because amendment would be futile. Doc. 41 at 6–7. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013). While futility is a basis for denying leave to amend, "courts may decline to consider futility if it would be more appropriately addressed in dispositive motions." *Higgins v. Bernalillo Cnty. Bd. of Comm'rs*, No. 1:24-cv-00167-MIS-DLM, 2025 WL 3208196, at *3 (D.N.M. Nov. 17, 2025) (quotation omitted). Declining to consider futility is especially appropriate "where futility arguments duplicate arguments which could be raised in a motion to

dismiss," because "defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." *Id.* (quotation omitted).

I recommend that the Court decline to consider futility here because consideration of the merits of the proposed amended complaint will be better briefed upon consideration of a motion to dismiss. Defendants' futility argument addresses the merits of Plaintiff's fifty-one-page complaint in one paragraph. Doc. 41 at 6–7. Defendants reference the arguments made in their original motion to dismiss, but the original complaint that motion attacked differs significantly from the proposed amended complaint here. *Compare* Doc. 1 *with* Doc. 39-2.

Given the preference for the liberal granting of leave to amend, *see Calderon*, 181 F.3d at 1186, and because Defendants have not made the showing necessary to overcome that preference, *see Wilkerson*, 606 F.3d at 1267, I recommend that the Court grant Plaintiff leave to file the proposed amended complaint attached to her motion to amend, *see* Doc. 39-2. If the Court adopts this recommendation, I further recommend that the Court give Plaintiff fourteen days within which to file the proposed amended complaint—and only that proposed amended complaint—on the docket. Plaintiff should be cautioned that any substantive differences between her proposed amended complaint and the amended complaint she files on the docket will result in a recommendation that the amended complaint be stricken, among other possible sanctions. Defendants then should be given fourteen days from Plaintiff's timely filing of the authorized amended complaint to file an answer or otherwise respond to the amended complaint. *See* FED. R. CIV. P. 15(a)(3).

## CONCLUSION

For the foregoing reasons, I recommend that the Court GRANT Defendants' Motion to Strike (Doc. 45) and strike from the docket Plaintiff's unauthorized First Amended Complaint

(Doc. 43) and Amended Exhibits to Document 43 (Doc. 49). I also recommend that the Court GRANT Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 39) and give Plaintiff fourteen days to file her proposed amended complaint (Doc. 39-2) (and *only* that proposed amended complaint) on the docket.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id.* In other words, if no objections are filed, no appellate review will be allowed.**

Laura Fashing
United States Magistrate Judge